UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| PRESTON LEE | | * | CIVIL ACTION |
| VERSUS | | * | NO. 25-2462   DIV. 2 |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | | * | M.J. CURRAULT |

**ORDER AND REASONS**

Plaintiff Preston Lee seeks judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for social security disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act (the "Act").  ECF No. 1; *see also* 42 U.S.C. §§ 423, 1381a.  The parties consented to the undersigned Magistrate Judge's jurisdiction for determination pursuant to 28 U.S.C. § 636(c).  ECF No. 12.

## I.     PROCEDURAL BACKGROUND

Plaintiff Preston Lee, then a 47-year old man, filed an application for disability insurance benefits ("DIB") on May 31, 2022, and supplemental security income ("SSI") on June 17, 2022.  ECF No. 10, Tr. at 198-237.  His age classification at all relevant times was that of a "younger person." 20 C.F.R. §§ 404.1563(c), 416.963(c).  Plaintiff alleges he is disabled due to heart attack, diabetes, COPD, high blood pressure, PTSD, anxiety and depression, with disability commencing on May 2, 2022.  Tr. at 53, 60, 68, 79, 270, 288, 323, 331.

Plaintiff's applications were denied at the initial level on February 27, 2023, and on reconsideration on June 4, 2024.  *Id.* at 52-87, 93-122.  On June 11, 2024, Plaintiff requested a hearing before an administrative law judge ("ALJ").  *Id.* at 123-25.

The administrative hearing was conducted on February 12, 2025.  Tr. at 29-51; *see also* 171-87, 191-94.  Plaintiff appeared and testified at the hearing, and he was represented by counsel Eva Conner.  *Id.* at 35-45.  Christi Lamandre, an impartial vocational expert ("VE"), also appeared and testified at the hearing.  *Id.* at 45-53.  On March 13, 2025, the ALJ issued a decision denying Plaintiff's applications.  *Id.* at 10-28.  Plaintiff requested review of the ALJ's decision.  *Id.* at 6-9, 195-97.  The Appeals Council denied review on October 17, 2025, rendering the ALJ's decision the final decision of the Commissioner for purposes of this Court's review. *Id.* at 1-5.

Plaintiff filed this matter on December 9, 2025.  ECF No. 1.  In accordance with the March 11, 2026, Scheduling Order, Plaintiff filed his brief in support of social security appeal, treated as a summary judgment motion, on April 1, 2026.  ECF Nos. 11, 14.  The Commissioner filed an opposition on May 13, 2026, and Plaintiff filed a reply on May 27, 2026.  ECF Nos. 19, 20.

## II.    STATEMENT OF ISSUES ON APPEAL

Plaintiff seeks reversal of the ALJ's decision and remand to the agency for further administrative proceedings on the basis that the denial of his disability claim is not supported by substantial evidence.   ECF No. 1 ¶ 8.  He identifies one issue for appeal:  "The ALJ erred when she failed to acknowledge or discuss vocational expert (VE) testimony that undermines her finding that Plaintiff can work despite his demonstrated limitations caused by his absenteeism resulting from hospitalizations and emergency room treatments."  ECF No. 14 at 1.

## III.    ALJ's FINDINGS RELEVANT TO ISSUES ON APPEAL

The ALJ made the following relevant findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since May 2, 2022, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: coronary artery disease, diabetes mellitus, neuropathy, asthma, degenerative disc disease, and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is never able to climb ladders, ropes, or scaffolds. He is occasionally able to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He must avoid even moderate exposure to pulmonary irritants.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 1, 1975 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 2, 2022, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

ECF No. 10, Tr. at 15, 17-18, 20-22.

## IV.    EVIDENCE IN THE RECORD

### A. Factual Background

Plaintiff filed a claim on May 31, 2022, alleging disability due to heart attack, diabetes,

COPD, high blood pressure, PTSD, anxiety and depression, with an onset date of May 2, 2022.

ECF No. 10, Tr. at 53, 60, 68, 79, 270, 288, 323, 331.  According to his Function Reports, Plaintiff "sit[s] in a chair all day," handles daily food preparation, cleans and does laundry, goes outside weekly and shops for food monthly, but he does not do yard work because the heat hurts his chest. *Id.* at 323-330; *see also id.* at 307-22.  He also pays bills, counts change, and handles checking and savings accounts (*id.* at 310, 318, 326), with inconsistent responses concerning his ability to follow written and spoken instructions.  *Compare* Tr. at 320, 328, *with id.* at 312.  Plaintiff's wife states that they spend all their time together; they play cards, cook or just sit; he has no problems with personal care; he prepares meals daily, does laundry, shops, and handles money.  *Id.* at 280-87.

At the hearing, Plaintiff testified that he graduated from high school in special education due to comprehension learning disability.  *Id.* at 35.  He worked full-time as a delivery driver for Domino's Pizza from 2017[1] through 2022 before he left for a job at Sonic.  *Id.* at 35-36, 45.  Shortly after starting to work at Sonic, he had a heart attack.  *Id.* at 36.  He had three stents for blockages but suffers from shortness of breath and chest pain with mild exertion.  *Id.* at 36-37.  He also has asthma that he controls with inhalers and diabetes with neuropathy (tingling) in his feet.  *Id.* 37-38.  Plaintiff testified that he also has back issues that limit his standing for long periods, vision problems (constant blur) that impact his ability to drive and read, PTSD and psychosis, and trouble focusing and concentrating.  *Id.* at 39-40.

### B. <u>Medical Evidence</u>

I have reviewed the medical records and the ALJ's summary of the medical evidence.  ECF No. 10, Tr. 15-20, 384-1467.  The ALJ's summary is substantially correct and is incorporated herein by reference, with the modifications, corrections and highlights as noted herein.

---

[1] Plaintiff's application indicates he started working at Domino's in 2012, not 2017.  Tr. at 272.

### C.  <u>Vocational Expert Testimony</u>

Vocational expert ("VE") Christi Lamandre testified at the hearing, with a stipulation as to her qualifications as a VE.  ECF No. 10, Tr. 45-50.  Lamandre testified that Plaintiff's past work as a pizza delivery man is "SVP of 2, unskilled work, and medium."  *Id.* at 45.  The ALJ posed a hypothetical of an individual of the same age, education, and work history as Plaintiff who can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and walk for six hours in an eight-hour day and sit for six hours in an eight-hour day, never climb ladders, ropes, or scaffolds, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and must avoid even moderate exposure to pulmonary irritants such as dust, fumes, odors and gases.  *Id.* at 46.  Lamandre testified that such a person would be unable to perform Plaintiff's past work, but that hypothetical person could perform work as a cashier, toll collector, receptionist, information clerk, and food preparation worker.  *Id.* at 46-47.

The ALJ then modified the hypothetical to add that the individual had difficulty remaining on task and pace throughout the day due to lack of concentration such that he would be off task and pace for 15% of the work time.  *Id.* at 47.  In response, Lamandre testified that, with added restriction, the individual would not be able to maintain full-time competitive employment without accommodation.  *Id.* at 47-48.  The ALJ then asked the VE to consider a different modification to the first hypothetical, adding that the individual can understand, remember and carry out work that is simple, and he is able to concentrate, persist and remain on task and pace for the performance of simple work and capable of occasional changes in the routine in the work setting.  *Id.* at 48.  In response, Lamandre confirmed that the jobs previously identified would be viable.  *Id.*

5

Plaintiff's attorney then questioned the VE regarding tolerance for absences. In response, Lamandre testified that absences of more than five days (not counting vacation days) in unskilled jobs would typically require some accommodation. *Id.* at 49-50.

Following the hearing and in argument to the Appeals Council, Plaintiff's attorney raised the same argument asserted herein, specifically that Plaintiff should be found disabled because his record of medical appointments and hospitalizations reflect that he would be absent more than five days, and thus, could only perform the VE's identified jobs with accommodation. *Id.* at 381-83.

## V.    <u>ARGUMENTS ON APPEAL</u>

Plaintiff argues on appeal that the ALJ erred in finding him not disabled because the VE testified that more than five absences a year in the identified jobs would require an accommodation, and the records reflect that, in 2002, Plaintiff had 13 "medical event days" (4 days impatient, 1 day ER, 8 days outpatient), in 2023, he had 13 days (3 required testing days, 3 ER visits, 7 outpatient), and in 2024, he had 42 days (20 physical therapy appointments, a 3 day hospitalization, 1 ER visit, 2 cardiac catheterization procedures, and 16 outpatient). ECF No. 14 at 4-5. Plaintiff asserts that the ALJ was required to make a "*Singletary* finding"[2] because the record reflected a pattern of absenteeism caused by his medical treatment that is vocationally significant. *Id.* at 5.

In Opposition, the Commissioner argues that the Fifth Circuit's decision in *Jones v. O'Malley*, 107 F.4th 489 (5th Cir. 2024), is decisive and supports the ALJ's determination. ECF No. 19 at 5-8. The Commissioner argues that the ALJ is not bound to consider limitations not adopted. *Id.* at 3. He further asserts that the ALJ noted and discussed Plaintiff's past, completed course of therapy and other appointments, but no evidence supported a finding that any ongoing treatment would necessitate absences, as suggested by Plaintiff. *Id.* at 4-6.

---

[2] *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).

In Reply, Plaintiff distinguishes *Jones*[3] and argues that, even excluding completed physical therapy, he had 6 medical event days in 2023 and 7 days in 2024.  ECF No. 20.

## VI.    APPLICABLE LAW AND ANALYSIS

### A.  Standard of Review

The role of the court on judicial review under § 405(g) is to determine whether the decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied in evaluating the evidence.[4]  The court must affirm the Commissioner's determination to deny benefits unless it finds that the ALJ applied the incorrect legal standard or that the ALJ's determination is not supported by substantial evidence.[5]  This standard precludes the court from reweighing the evidence or substituting its judgment for that of the administrative fact finder.[6]  Despite this limited function, the court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support the decision.[7]  Procedural perfection in administrative hearings, however, is not required; a reviewing court may only vacate a judgment if the "substantial rights" of a party have been affected.[8]

#### 1.  Substantial Evidence

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it is more than a scintilla but less than a preponderance.[9]  The

---

[3] Plaintiff's initial memorandum fails to mention, much less address, *Jones* at all.
[4] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x 773, 776 (5th Cir. 2012) (citation omitted); *Stringer v. Astrue*, 465 F. App'x 361, 363 (5th Cir. 2012) (citing *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)).
[5] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).
[6] *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)); *see also Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).
[7] *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).
[8] *Mays v. Bowen*, 837 F.2d 1362, 1362-63 (5th Cir. 1988).
[9] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Richard*, 480 F. App'x at 776 (citing *Perez*, 415 F.3d at 461).

ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[10]  A finding of "no substantial evidence" is appropriate only if no credible evidentiary choices or medical findings support the decision.[11]  The Commissioner, not courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the court does not try any issues *de novo*.[12]

Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive.[13]  The court weighs four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[14]

### 2. Credibility Determinations

When a claimant gives subjective testimony, the ALJ has the responsibility to evaluate the claimant's credibility.[15]  To determine credibility, the ALJ must review the entire record and express specific reasons supported by evidence in the case record for his credibility findings, but the ALJ does not have to discuss every guiding regulatory factor.[16]  In this case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, . . . [Plaintiff's] statements concerning the intensity, persistence and

---

[10] *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).
[11] *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citation omitted).
[12] *Halterman ex rel. Halterman v. Colvin,* 544 F. App'x 358, 360 (5th Cir. 2013) (citing *Newton,* 209 F.3d at 452).
[13] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing § 405(g)).
[14] *Chrisner v. Astrue,* 249 F. App'x 354, 356 (5th Cir. 2007) (quoting *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)); *Perez*, 415 F.3d at 462 (citation omitted).
[15] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted).
[16] *Giles v. Astrue*, 433 F. App'x 241, 249 (5th Cir. 2011) (citing *Clari v. Barnhart*, 214 F. App'x 479 (5th Cir. 2007) ("The ALJ is not required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility.")).

limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [her] decision."  ECF No. 10, Tr. at 18-19.

If the ALJ explains credibility findings and substantial evidence supports those findings, the Court must affirm the credibility assessment.[17]  Because the ALJ is best suited to make a credibility determination, the Court gives considerable deference to the ALJ's findings if substantial evidence supports those findings.[18]  The ALJ's credibility determinations in this case are supported by substantial evidence and will not be disturbed on judicial review.

**B.   Standard for Entitlement to Benefits**

To be considered disabled and eligible for DIB, a claimant must show that he is unable to perform substantial gainful activity because of a medically determinable physical or mental impairment.[19]  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."[20]  To qualify as a disability, the impairment must be expected to result in death or have lasted (or is expected to last) for a continuous period of not less than 12 months.[21]  The mere presence of an impairment, however, is not enough to establish that one is suffering from a disability.  Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity."[22]  Thus, to be considered disabled and eligible for benefits, a claimant must prove his disability by establishing a physical or mental impairment lasting at least twelve months that prevents him from engaging in substantial gainful activity.[23]

---

[17] *Undheim v. Barnhart*, 214 F. App'x 448, 450-51 (5th Cir. 2007).
[18] *McKnight v. Astrue*, 340 F. App'x 176, 181 (5th Cir. 2009) ("Credibility determinations are generally entitled to great deference  . . . ." (citation omitted)).
[19] *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A).
[20] § 423(d)(3).
[21] *Id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923.
[22] *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (citation modified) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).
[23] 42 U.S.C. § 1382c(a)(3)(A); *see also* §§ 416(i)(1), 423(d)(1)(A).

The Commissioner has promulgated regulations that provide procedures for evaluating disability claims.[24]

> In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.[25]

The claimant has the burden of proof under the first four steps; if the claimant successfully carries this burden, the burden shifts to the Commissioner at the fifth step to show that other substantial gainful employment is available in the national economy that the claimant is capable of performing.[26]   When the Commissioner shows that the claimant is capable of engaging in alternative employment, the ultimate burden of persuasion shifts back to the claimant.[27]

### 1.  Residual Functional Capacity

A claimant's residual functional capacity ("RFC") is the most a claimant can do despite limitations.[28]  This assessment is used in steps 4 and 5 to determine the claimant's ability to perform past relevant work or any other type of work.[29]  It is an administrative assessment made by the ALJ based on the totality of the evidence in the record.[30]

When making the assessment, the ALJ should consider medical assessments, descriptions by physicians, descriptions by the claimant, and any other evidence that shows any limitations on the claimant's ability to work.[31]  The ALJ is to resolve any conflicts in the medical evidence after

---

[24] 20 C.F.R. §§ 404.1501-99 & Appendices, 416.901-98.
[25] *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citation omitted); *accord. Newton*, 209 F.3d at 453.
[26] *Audler*, 501 F.2d at 448; *Newton*, 209 F.3d at 453.
[27] *Newton*, 209 F.3d at 453; *Plaisance v. Astrue*, No. 08-5134, 2009 WL 4161086, at *2 (E.D. La. Nov. 23, 2009) (citations omitted).
[28] 20 C.F.R. § 416.945(a)(1).
[29] *Perez*, 415 F.3d at 462.
[30] § 416.945; 20 C.F.R. § 416.946(c).
[31] *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988) (per curiam) (citation omitted).

evaluating the record.[32]  In assessing RFC, "the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)."[33]  The issue of whether the claimant can maintain employment for a significant period of time is subsumed in the analysis regarding the claimant's ability to obtain employment.[34]

The ALJ is not required, however, to incorporate limitations in the RFC that are not found to be supported in the record.[35]  The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.  Claimant's disagreement with that finding, when that finding is supported by substantial evidence, is insufficient to establish error as this Court may not reweigh the evidence in the record, try the issues *de novo* or substitute its judgment for the Commissioner, even if the evidence weighs against the Commissioner's decision.[36]

## 2.  The ALJ's Discretion in Evaluating Medical Evidence

The ALJ provided a proper summary of the relevant medical evidence in the opinion, and this summary accurately reflects the available records.  ECF No. 10, Tr. at 15-20.  An ALJ has considerable discretion in assigning weight to medical opinions and may reject the opinion of any physician when the evidence supports a contrary conclusion.[37]  An ALJ considers several factors when assessing the weight to be given to medical opinions – the length of the treatment, frequency of examination, nature and extent of treatment relationship, support of physician's opinion

---

[32] *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (citation omitted).
[33] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).
[34] *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) ("An ALJ may explore [whether claimant can hold a job for significant period of time] in connection with the claimant's physical diagnosis as well as in the ability-to-work determination."); *Newton*, 209 F.3d at 455 (citations omitted) (stating that the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion).
[35] *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).
[36] *Halterman*, 544 F. App'x at 360 (citing *Newton*, 209 F.3d at 452); *Stringer*, 465 F. App'x at 364.
[37] *Martinez v. Charter*, 64 F.3d 172, 176 (5th Cir. 1995) (per curiam).

11

afforded by the medical evidence of record, consistency of opinion with record as a whole, and specialization of the treating physician.[38]  "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."[39]

### C.  <u>**Plaintiff's Appeal**</u>

At step 1, the ALJ determined that Plaintiff meets the insured status requirements through December 31, 2026, and that he has not engaged in substantial gainful activity since May 2, 2022. ECF No. 10, Tr. at 15.  At step 2, the ALJ found severe medically determinable impairments of coronary artery disease, diabetes mellitus, neuropathy, asthma, degenerative disc disease, and obesity (20 C.F.R. §§ 404.1520(c) and 416.920(c)).  *Id.* at 15-17.  At step 3, the ALJ found that, considering all of Plaintiff's medically determinable impairments, he did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  *Id.* at 17.

Before proceeding to step 4, the ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except he is never able to climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and he must avoid even moderate exposure to pulmonary irritants.  *Id.* at 18.  Based on that RFC finding, the ALJ determined that Plaintiff is unable to perform past relevant work.  *Id.* at 20.  Based on the VE's testimony and identification of several occupations that Plaintiff would be able to perform, the ALJ determined that Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy and thus is not disabled. *Id.* at 21-22.

---

[38] *Newton*, 209 F.3d at 456 (citing 20 C.F.R. § 404.1527(c)).
[39] *Id.* at 455 (citation modified).

Plaintiff does not object to the ALJ's analysis or conclusions at steps one through three or her RFC finding. ECF No. 14 at 2. Rather, he objects only to the ALJ's failure to expressly address the VE's testimony that absences of more than five days in unskilled jobs such as those identified would require some accommodation. *Id.* at 4. Due to his past absences, Plaintiff argues he should be found disabled.

In assessing disability, a finding that a claimant can engage in substantial gainful activity requires more than determining that jobs exist that the claimant can physically perform; it also requires a determination that the claimant can hold whatever job for a significant period of time.[40] Although *Singletary* involved a claimant with a mental illness, in *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), the Fifth Circuit held that the same rule applies to physical disability cases.[41] This inquiry entails consideration of whether any necessary medical treatment would interrupt the ability to perform a normal, eight-hour workday.[42] The ALJ need not, however, articulate a separate and distinct finding that the claimant can maintain a job over a sustained period of time in every case; rather, it is necessary only in rare circumstances because that issue is ordinarily subsumed in the analysis regarding the claimant's ability to obtain employment:[43] "We do not understand *Watson v. Barnhart* . . . , to require an explicit finding in every case that the claimant can not only engage in substantial gainful activity but maintain that employment as well."[44]

Moreover, the treatment (and related absences) that must be considered is that which is current and on-going.[45] Infrequent medical appointments or those unrelated to any ongoing course

---

[40] *Singletary*, 798 F.2d at 823 (finding that ability to work for short time periods does not constitute "substantial gainful activity" when claimant's mental illness renders him incapable of maintaining employment for any length of time).
[41] 288 F.3d at 217-18.
[42] *Newton*, 209 F.3d at 459.
[43] *Frank*, 326 F.3d at 620-21 ; *Weimer v. Astrue*, 284 F. App'x 129, 135 (5th Cir. 2008); *Patterson v. Astrue*, 324 F. App'x 419, 422 (5th Cir. 2009).
[44] *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (per curiam).
[45] *Sly v. Kijakazi*, No. 21-208, 2022 WL 2082318, at *3 (S.D. Miss. May 24, 2022), *R.&R. adopted*, 2022 WL 2079874 (S.D. Miss. June 9, 2022).

13

of treatment need not be considered in the RFC analysis.[46]  As the Fifth Circuit most recently

explained in *Jones*:

> Our later cases have clarified that "nothing in *Watson* suggests that the ALJ must
> make a specific finding regarding the claimant's ability to maintain employment in
> every case."  Rather, "*Watson* requires a situation in which, by its nature, the
> claimant's physical ailment waxes and wanes in its manifestation of disabling
> symptoms."  And the claimant's evidence must be "such that his ability to maintain
> employment was not adequately taken into account in his RFC . . . determination."
> A witness' testimony that a claimant had "good days and bad days," and that the
> claimant's pain varies in intensity or "wax[es] and wane[s] between epidural
> injections," does not meet the requisite standard.[47]

The court then distinguished prior cases, noting that *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980),

concerned the ALJ's failure to take into account the significant interruptions that the treatment

regimen (i.e., traction three or four times daily to alleviate pain) would have on a normal, eight-

hour work day and *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000), concerned on-going treatment

that required frequent doctor and hospital visits and caused the claimant to sleep for several hours

during the day.[48]

Plaintiff has not established that his case presents circumstances under which the ALJ is

required to make a separate finding that he is able to maintain employment over a significant period

of time.  As in *Jones*, Plaintiff has not shown that any on-going treatment requirements adversely

affected his attendance or ability to work on a sustained basis.  Rather, he has simply counted the

number of days involving "medical events," without regard to the reason for the visit, the length

of any visit, or the ability to schedule same during non-working hours.[49]  Further, Plaintiff does

---

[46] *See Pickens v. Comm'r of Soc. Sec. Admin.*, No. 19-895, 2022 WL 18107264, at *10 (S.D. Miss. Dec. 12, 2022) (holding that the ALJ was not required to address the frequency of the claimant's medical appointments because the claimant's treatment during the adjudicatory period was minimal), *R.&R. adopted*, 2023 WL 27892 (S.D. Miss. Jan. 3, 2023).

[47] 107 F.4th at 498-99 (alteration in original).

[48] *Id.* at 499 (rejecting assertion that 38 total or partial missed days over a 20-month period rendered claimant incapable of sustained employment).

[49] ECF No. 10, Tr. at 381-83; ECF No. 14 at 4-5; ECF No. 20 at 1-2. *Jones v. Kijakazi*, No. 22-443, 2023 WL 6284851, *10 (E.D. La. Sept. 26, 2023) (rejecting suggestion that claimant with 38 medical visits over 20 months could not

14

not suggest that these "medical events" resulted from or were related to any ongoing treatment or anticipated course of treatment.[50]  "[T]he mere possibility of [medical treatment] at some undetermined future time does not automatically render [a claimant] presently incapable of sustained employment."[51]  In the absence of any demonstrated absences related to on-going treatment that would impact attendance or cause excessive absences, the ALJ need not explicitly address Plaintiff's past medical encounters for various issues.

The ALJ applied the correct legal standard and her finding that, considering Plaintiff's age, education, work experience, and residual functional capacity, he can perform jobs that exist in significant numbers in the national economy is supported by substantial evidence.  In the absence of any identified ongoing treatment needs impacting attendance, the ALJ had no reason to explicitly address the impact any such absences on Plaintiff's ability to maintain employment.  Because her assessment of Plaintiff's RFC and ability to do "other work" is supported by substantial evidence, and she utilized proper legal standards, the ALJ did not err in her finding that Plaintiff is not disabled.

## VII.    CONCLUSION

Plaintiff's efforts to distinguish *Jones* fails.  He has not demonstrated that he is disabled due to absenteeism as he fails to show that his "medical events" are related to any ongoing, continuing treatment.  The ALJ applied the appropriate legal standards, and substantial evidence supports her decision that Plaintiff has the ability to perform jobs that exist in significant numbers

---

sustain employment where nothing in the record establishes the visits could not have been scheduled around working hours), *aff'd sub nom.*, *Jones v. O'Malley*, 107 F.4th 489 (5th Cir. 2024).

[50] Plaintiff's "medical events" are quite varied.  *See, e,g*, ECF No. 10, Tr. 429-31(presenting with shortness of breath, productive cough, and generalized body aches), 444-45, 470-81 (right knee pain diagnosed as early osteoarthritis), 738 (presenting with cough, sinus and sore throat).

[51] *Jones*, 107 F.4th at 499.

in the national economy.  Therefore, Plaintiff is not disabled as defined by the Act.  The asserted error is without merit.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion (ECF Nos. 1, 14) be **DENIED** and that the Complaint be **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this __17th__ of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE